IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 03-cv-02319-WDM-MJW**

OLOYEA D. WALLIN,

Plaintiff,

v.

CMI, et al.,

Defendants.

---

## RECOMMENDATION
## THAT CLAIMS AGAINST DEFENDANTS CANNON-GRANT AND ABBOTT BE DISMISSED FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on October 29, 2004. (Docket No. 18).

This action was commenced on November 5, 2002. (Docket No. 1). On June 3, 2005, this court issued an Order to Show Cause on Lack of Service on Defendants Ryan Bradley, Mary, Sandra, Aaron, Jason, and Charles. (Docket No. 71). That Order set a hearing at which plaintiff was directed to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b) as to defendants "Ryan Bradley," "Mary," "Sandra," "Aaron," "Jason," and "Charles," only. The court had proceedings regarding the Show Cause Order and service on the unserved defendants on July 26,

2

2005 (Docket No. 92), August 26, 2005 (Docket No. 106), September 21, 2005 (Docket No. 124), and November 17, 2005 (Docket No. 176).

In the meantime, defendants CMI and Kim Dempewolf provided the court, under seal, with the full names and addresses of the unserved co-defendants (Docket No. 78). The U.S. Marshal Service was unsuccessful in its attempts to serve defendants Abbott and Cannon-Grant at the addresses provided. According to the Return of Service regarding defendant Charles Abbott, which is sealed to protect the defendant's address, the U.S. Marshal made three attempts to serve this defendant personally, and on the last attempt, the individual living at the residence was not the named defendant. (Docket No. 130). Three personal service attempts were also made with regard to defendant Cannon-Grant, but during the third attempt, the Deputy spoke with surrounding neighbors and was advised that the defendant no longer lived at the address. (Docket No. 130).[1]

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for

---

[1] The docket sheet initially incorrectly indicated that service had been effected on both defendants, which caused defendants CMI, Dempewolf, and Deming, through counsel, to twice seek an extension of time to answer on their behalf. (Docket No. 143, 163) (Counsel was appearing on behalf of these two additional defendants for the limited purpose of requesting an extension of time to file an Answer until a determination was made as to who would be representing them in this matter). (Docket No. 143 at ¶ 5; Docket No. 163 at ¶ 6). Recently, the U.S. Marshal advised defense counsel via electronic mail that attempts were made to serve these two defendants, but such attempts were unsuccessful. (Docket No. 172, Ex. A).

3

the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

This action was commenced over three years ago, yet the plaintiff has not provided the court with any other addresses at which to serve these two defendants. Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendants Abbott and Cannon-Grant be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: November 22, 2005       s/Michael J. Watanabe
    Denver, Colorado       Michael J. Watanabe
                                       United States Magistrate Judge