IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02319-WDM-MJW

OLOYEA D. WALLIN,

Plaintiff,

v.

CMI,
KIM DEMPEWOLF,
RYAN BRADLEY,
MARYE DEMING,
JASON COLLIDGE, and
MONIQUE M. MARTEL,

Defendants.

## RECOMMENDATION ON
## MOTION TO DISMISS DEFENDANT RYAN BRADLEY (Docket No. 302)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on October 29, 2004. (Docket No. 18).

On February 1, 2007, this court issued a Report and Recommendation in this case (Docket No. 297) in which it was recommended that (1) Defendants' [CMI, Kim Dempewolf, Marye Deming, and Jason Coolidge] Motion for Summary Judgment (Docket No. 238) be granted, (2) that judgment be entered for the defendants on the plaintiff's Eighth Amendment claim (Claim 4), (3) that the court decline to exercise

2

supplemental jurisdiction over the plaintiff's state law claims (Claims 5 through 7), (4) that the plaintiff's state law claims (Claims 5 through 7) thus be dismissed without prejudice, (5) that Defendant Martel's Motion to Dismiss for Failure to File Certificate of Review (Docket No. 268) and Defendant Martel's Motion for Summary Judgment (Docket No. 274) be denied without prejudice, and (6) that plaintiff's Eighth Amendment claim against unserved defendant Ryan Bradley be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the state law claims against defendant Ryan Bradley be dismissed without prejudice.

In that Report and Recommendation, the court noted the following with respect to defendant Bradley. He had not yet been served. Plaintiff had provided the court with another address for the defendant, and on October 27, 2005, this court issued an Order directing service by the U.S. Marshal. (Docket No. 161). A return of service, however, had not yet been filed as of the issuance of the Report and Recommendation, and the U.S. Marshal had no record of service when this court inquired during the week of January 22, 2007. While the plaintiff had also advised the court that Bradley was employed by the Department of Corrections, when the court attempted to obtain a waiver of service of Bradley through the DOC, the documents were returned to the court with a note that service could not be accepted for Bradley because he is not a DOC employee. (See Docket No. 152). Therefore, this court had previously found that it would be futile to make another attempt at Service at the DOC. (Docket No. 161).

On February 20, 2007, defendant Bradley filed the motion to dismiss that is now before the court. (Docket No. 302). In that motion, Bradley notes that this court's

3

Report and Recommendation was docketed at 9:48 a.m. on February 1, 2007, and later that same day, at 2:41 p.m., the U.S. Marshal filed a notice that service had been accomplished on Bradley on January 31, 2007.  Bradley now moves to dismiss the plaintiff's claims against him on the following two grounds: (1) service was untimely pursuant to Fed. R. Civ. P. 4(m), and (2) the court has already determined that the plaintiff's claims fail to survive defendants' motion for summary judgment.  Therefore, Bradley asks the court to maintain its recommendation for dismissal.

Pursuant to D.C.COLO.LCivR 7.1(C), which provides the time periods for serving responses and replies to motions, "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."  This Recommendation is being issued prior to the expiration of the plaintiff's time to file a response to defendant Bradley's motion because this court is incorporating and repeating the recommendation previously made concerning the claims against this defendant.  This court does not recommend dismissal of the claims against Bradley pursuant to Fed. R. Civ. P. 4(m) as urged by Bradley.  As noted above, on October 27, 2005, this court directed the U.S. Marshal to serve Bradley (Docket No. 161), but for some unknown reason, service had not even been attempted until after this court contacted the U.S. Marshal Service during the week of January 22, 2007, to ascertain the status of such service.  Plaintiff cannot be penalized by the Marshal's failure to attempt service as directed by this court.  Nevertheless, for the reasons stated in this court's Report and Recommendation issued on February 1, 2007 (Docket No. 297), it is once again recommended that plaintiff's Eighth Amendment claim against defendant Ryan Bradley be dismissed with

prejudice and that the state law claims against defendant Ryan Bradley be dismissed without prejudice.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss Defendant Ryan Bradley (Docket No. 302) be granted and, therefore, that the plaintiff's Eighth Amendment claim against defendant Ryan Bradley be dismissed with prejudice and that the state law claims against defendant Ryan Bradley be dismissed without prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: February 22, 2007           s/ Michael J. Watanabe
       Denver, Colorado            Michael J. Watanabe
                                   United States Magistrate Judge