IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-02319-WDM-MJW

OLOYEA D. WALLIN,

    Plaintiff,

v.

CMI, et al.,

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE AND OBJECTIONS TO MAGISTRATE JUDGE RULINGS

Miller, J.

This matter is before me on two recommendations from Magistrate Judge Michael J. Watanabe, and several objections to his rulings on various nondispositive matters. The first recommendation, issued February 1, 2007, concludes Plaintiff Oloyea D. Wallin's (Wallin) Eighth Amendment Claim should be dismissed with prejudice as to all defendants, and that I should decline to exercise supplemental jurisdiction over Wallin's state law claims. The second recommendation, issued February 22, 2007, simply reiterates Magistrate Judge Watanabe's recommendation with respect to recently-served Defendant Ryan Bradley (Bradley). Having reviewed the pertinent portions of the record in this case, I conclude that both recommendations should be accepted as discussed below, and all of the objections should be overruled. In addition, as an alternative ground, I also conclude that Wallin's repeated failure to comply with this court's orders regarding the payment of filing fees warrants dismissal

as a sanction.

1. <u>Wallin's Objection to Magistrate Judge Watanabe's March 23, 2006 Minute Order</u>

On March 23, 2006, Judge Watanabe denied Wallin's motion for an extension of time to respond to a motion for summary judgment that was filed by Defendants CMI, Kim Dempewolf, Marye Deming, and James Coolidge (the CMI Group) on March 1, 2006. Since Wallin objects to this order, and since this motion is at the heart of Judge Watanabe's first recommendation, I will address this objection before proceeding to the merits of the recommendations.

Since this ruling concerns a nondispositive matter, I will set aside Magistrate Judge Watanabe's ruling only if it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (under "clearly erroneous" standard, the reviewing court must affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). It is clear that Wallin cannot meet this high burden. Judge Watanabe was appropriately unpersuaded by Wallin's argument that keeping up with his many other lawsuits leaves him unable to meet deadlines in this case. Accordingly, Judge Watanabe was well within his discretion in denying Wallin's request, and Wallin's objection will therefore be overruled.[1]

---

[1] I also note that in his objection, Wallin stated the following: "The motion for extension also explained that law library [sic] is only open twice per week and that the plaintiff would not be schedule quaranteed [sic] for any of the two open law library

2

2.     Wallin's Other Objections Regarding Nondispositive Matters

Wallin objects to several of Magistrate Judge Watanabe's rulings on various nondispositive matters. Upon review of each of Wallin's objections, it is clear that he cannot meet the clearly erroneous or contrary to law standard, and his objections will therefore all be overruled.

First, Wallin objects to a minute order issued August 8, 2005, denying his motion to reconsider. Originally, on June 22, 2005, Wallin filed a motion for extraordinary relief, asking for an order directing the prison where he was then incarcerated to allow him to obtain photocopies in connection with this action. On June 30, 2005, Judge Watanabe granted this motion, but stated that Wallin must pay for the copying costs before he is entitled to the copies. On August 8, 2005, Wallin filed a motion asking Judge Watanabe to reconsider this last condition, and Judge Watanabe denied this request.

Having considered Wallin's objection, I find that it should be overruled. As Judge Watanabe noted, it is well established that Wallin does not have a constitutional right to free use of a photocopier, *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980), and Wallin has failed to cite any caselaw indicating that this court should force the prison to extend him credit to pay for his copies. Furthermore, Wallin does not explain why he cannot make the necessary copies the old fashioned way — by hand.

---

days." (Objection, Docket No. 255, at ¶ 3) This statement is demonstrably false, however, since the only statement in the motion relating to these subjects at all merely says "[a]s well as inadequate law library access." (Motion, Docket No. 248, at ¶ 2)

*See id.*

Second, Wallin objects to an oral ruling issued on March 2, 2006 denying his motion to compel the CMI Group to respond to interrogatories. Wallin objects to Magistrate Judge Watanabe's conclusion that the CMI Group was excused from answering some of his questions because he had filed too many interrogatories. Specifically, Wallin complains that, under either the Colorado Rules of Civil Procedure or the Federal Rules of Civil Procedure, it was error to count his "subparts" as a separate interrogatories. I disagree. First, since this issue is almost completely procedural rather than substantive, the Federal Rules control. In addition, magistrate judges enjoy wide discretion in dealing with discovery disputes. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). And furthermore, I agree with Judge Watanabe's ruling. Fed. R. Civ. P. 33(a) limits parties to twenty-five interrogatories, "including all discrete subparts," absent leave of the court, but does not define "discrete subparts." In addition, there is little caselaw on the matter. Nonetheless, whatever the exact definition, this is not a close case. Having reviewed Wallin's interrogatories, I find that his "subparts" are not subparts at all, but rather separate questions. Therefore, Wallin's objection will be overruled.

Finally, Wallin objects to an order issued June 15, 2005, granting a motion for a protective order that allowed the defendants in this case to be served without revealing their full names and addresses to Wallin. Wallin's objection fails, however, to demonstrate how he has been prejudiced by this order, and in light of my conclusions above, this objection is likely moot. Therefore, this objection will be overruled.

3.  <u>Magistrate Judge Watanabe's Recommendations Concerning Dispositive Motions</u>

Wallin failed to file a timely objection to the first recommendation and is not entitled to de novo review. 28 U.S.C. § 636(b). I have nonetheless given his untimely objections some consideration. Wallin did, however, file a timely objection to the second recommendation, and is therefore entitled to de novo review on those issues he specifically objects to. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

As noted above, Magistrate Judge Watanabe's first recommendation primarily concerns the CMI Group's motion for summary judgment, and Wallin failed to file a response to this motion. Judge Watanabe concludes that summary judgment is appropriate on Wallin's Eighth Amendment Claim (his only remaining federal claim) for two alternative reasons: (1) Wallin has failed to exhaust his administrative remedies, and (2) in light of the undisputed evidence presented by the defendants, no reasonable jury could conclude that the defendants acted with deliberate indifference to Wallin's medical complaints. Moreover, Judge Watanabe recommends that I decline to exercise supplemental jurisdiction over the remaining state law claims. I have reviewed the parties arguments and summary judgment evidence, and for substantially the reasons given in the recommendation, I agree.

A few of Wallin's objections, however, warrant some discussion. First, Wallin correctly notes that the prison's rules and regulations introduce the Writ procedures by describing them as "an alternative for resolving issues within the facility." Therefore,

Wallin argues that prisoners are not required to utilize the Writ system, but rather it is merely optional. This argument fails, however, because the undisputed evidence indicates otherwise (Dempewolf Aff., Ex. C to Defs.' Motion, Docket No. 239, at ¶ 10 (explaining that prisoners are "expected" to use the Writ procedures to resolve issues within the facility)), and because Wallin failed to present this argument to Magistrate Judge Watanabe, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Second, Wallin argues that even if summary judgment was appropriate as to the CMI Group, it was not warranted as to Defendants Monique M. Martel (Martel) and Bradley . Indeed, neither of these defendants joined in the CMI Group's motion. Rather, Martel filed a motion to dismiss and a motion for summary judgment on her own, but has never argued that Wallin has failed to exhaust administrative remedies regarding his Eighth Amendment Claim, or that his evidence is insufficient to support this claim. And Bradley, who has only recently been served, filed a motion to dismiss arguing in part that since Magistrate Judge Watanabe had already recommended summary judgment on Wallin's Eighth Amendment Claim, it was appropriate to dismiss him as well. As to Martel, Judge Watanabe's first recommendation concludes that she should be dismissed because she is only named in one of Wallin's state law claims. As to Bradley, Judge Watanabe's first recommendation, after concluding that summary judgment was appropriate on the Eighth Amendment Claim, also concluded (apparently sua sponte) that dismissal for failure to state a claim was appropriate as to Bradley,

who at the time had not been served. In addition, following service on Bradley, and the filing of Bradley's motion to dismiss, Judge Watanabe's second recommendation reiterates his first recommendation regarding Bradley.

Although I disagree with Judge Watanabe's reasons for recommending dismissal for Martel — Wallin's Amended Complaint purports to assert his Eighth Amendment Claim against all defendants, and I have not located any orders dismissing her from this claim — I agree that sua sponte dismissal is appropriate as to Bradley, and find that the same result should apply to Martel as well. *See* 28 U.S.C. § 1915 (requiring a court to dismiss an in forma pauperis action any time it concludes that the action is "frivolous or malicious" or that it "fails to state a claim upon which relief may be granted"). In light of my findings that Wallin's Eighth Amendment Claim should be dismissed as to the CMI Group, it is clear that Wallin can not prevail on this claim against either Bradley or Martel. In addition to failing to respond to the CMI Group's motion for summary judgment, Wallin has also failed to even allege in his objections the existence of any evidence that could support his Eighth Amendment claim. Forcing Bradley and Martel to file their own motions for summary judgment would needlessly prolong this action.[2]

4.   Failure to Pay Fees

On February 3, 2006, Wallin filed an objection to "orders regarding filing fees." Although there have been many orders regarding filing fees in this case, Wallin does

---

[2] In light of this ruling, the motion that Wallin filed on March 7, 2007, asking for a copy of Bradley's motion to dismiss, and his motion for an extension of time to respond to Bradley's motion to dismiss, will be denied as moot.

not specify which one he is referring to.  However, I will assume that Wallin intends to object to a minute order from Magistrate Judge Watanabe issued on January 5, 2006, since objections to any of the previous filing fee orders would be untimely.

In this order, Judge Watanabe merely orders Wallin to comply with a previous order, issued by Magistrate Judge O. Edward Schlatter on March 18, 2004, which had allowed Wallin to proceed in this action without paying an initial partial filing fee, but required him to either make monthly payments, or show cause each month why he cannot do so by filing a certified copy of his trust fund account statement.  Clearly, nothing in Judge Watanabe's order is "clearly erroneous or contrary to law," and Wallin's objections will therefore be overruled.

In addition, having thoroughly reviewed this filing fee issue, I conclude that Wallin's repeated failure to comply with multiple orders regarding filing fees provides an alternative ground for dismissal of this case.  Over thirty-five months have passed since Judge Schlatter issued his order, yet Wallin has filed only four certified account statements and five affidavits in lieu of such statements.   This in spite of repeated orders from the court reminding Wallin of his obligations.  (November 17, 2004 Order, Docket No. 22; June 21, 2005 Order, Docket No. 80; January 5, 2006 Minute Order, Docket No. 108).

Dismissal is an extreme sanction and will not be imposed unless, "after considering all the relevant factors, [a court] concludes that dismissal alone would satisfy the interests of justice."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).  Relevant factors include: "(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (citations omitted).  After due consideration of each of these factors, I find that dismissal is appropriate.  In particular, I conclude that the last four factors all weigh heavily in favor of dismissal, providing another reason to dismiss this case.[3]

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued February 1, 2007 (Docket No. 297), is accepted as provided herein.

2. The recommendation of Magistrate Judge Watanabe, issued February 22, 2007 (Docket No. 305), is accepted as provided herein.

3. The motion for summary judgment, filed by Defendants CMI, Kim Dempewolf, Marye Deming, and James Coolidge on June 12, 2006 (Docket No. 238), is granted.

4. Plaintiff's Fourth Claim, asserting a violation of the Eighth Amendment, is dismissed with prejudice as to all defendants.

5. All of Plaintiff's state law claims are dismissed without prejudice.

6. Plaintiff's objections, filed July 6, 2006 (Docket No. 87), August 25, 2006 (Docket No. 105), February 3, 2006 (Docket No. 221), March 20, 2006 (Docket No. 247),

---

[3] I would note that although Wallin repeatedly complained of difficulties obtaining the required documents from his previous facilities, he has never alleged any such difficulties at his current location, where he has been housed for over five months. (September 25, 2006 Notice of Change of Address, Docket No. 281)

and March 31, 2006 (Docket No. 256) are all overruled.

7. Defendant Monique M. Martel's motion to dismiss, filed June 16, 2006 (Docket No. 268), and motion for summary judgment, filed September 1, 2006 (Docket No. 274), are denied as moot.

8. Defendant Ryan Bradley's motion to dismiss, filed February 20, 2007 (Docket No. 302), is denied as moot.

9. Plaintiff's motion, filed March 7, 2007 (Docket No. 306), requesting a copy of Defendant Ryan Bradley's motion to dismiss, is denied as moot.

10. Plaintiff's motion for an extension of time, filed March 12, 2007 (Docket No. 315), is denied as moot.

11. This case is closed.

DATED at Denver, Colorado, on March 16, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge